## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**KENNITH WADE ANTHONY**                    **CIVIL ACTION NO. 22-0815**

                                            **SECTION P**

**VS.**

                                            **JUDGE TERRY A. DOUGHTY**

**STATE OF LOUISIANA, ET AL.**              **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Plaintiff Kennith Wade Anthony, a former prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately March 23, 2022, under 42 U.S.C. § 1983.  He names the following defendants: the State of Louisiana, the Department of Public Safety and Corrections ("DPSC"), Warden Chad Lee, and the Office of Probation and Parole.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff alleges that he "was scheduled to be released" from incarceration on November 11, 2021, but defendants refused to release him.[2]  [doc. # 1, p. 3].

From what the undersigned can glean from Plaintiff's pleading and attached grievances, it appears that he is arguing the following: that he earned good-time credit, that he was entitled to release as if released on parole,[3] that he must register as a sex offender, that because he must

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff was released from incarceration at Franklin Parish Detention Center on approximately June 9, 2022.  TELEPHONE CALL TO FRANKLIN PARISH DETENTION CENTER (June 13, 2022).

[3] *See* LA. REV. STAT. § 15:571.5(A).

register as a sex offender the DPSC's Division of Probation and Parole must approve his residence plan before he is released,[4] that defendants refused to provide a significant reason why they denied his residence plan, and that consequently he remained incarcerated beyond his good-time release date. [doc. #s 1; 1-2, pp. 1-3].

Plaintiff maintains that although an "officer of probation and parole" approved a residential address for his release, defendants did not "provide a significant reason" why that address "continue[d] to be denied on [his] residence plan." [doc. # 1, p. 3].

Plaintiff states that he "submitted a residence plan about every other week but was not being informed of the specific reason the addresses continued to be denied . . . ." [doc. # 8]. In February 2022, a probation and parole officer stated that he was unable "to contact the landlord" of Plaintiff's proposed residence to verify that the landlord approved. *Id.* Plaintiff faults the DPSC and the Division of Probation and Parole for failing to attempt to meet with the landlord to "acquire the needed information . . . ." *Id.*

Plaintiff faults Warden Lee for failing to respond to his requests for information concerning his continued incarceration. *Id.* Plaintiff "was repeatedly told by various members of the staff that the Office of Probation and Parole had to sign [him] out." *Id.* Plaintiff claims that Warden Lee did not make "any effort to contact the Office of Probation and Parole to determine why no one had [] come to sign [him] out." *Id.*

Plaintiff seeks compensation for his mental anguish and oppression, and he asks the Court to order defendants "to show cause why [he] continues to remain in custody." [doc. #s 1, p. 4; 8, p. 1].

---

[4] *See* LA. REV. STAT. § 15:574.4.3(E)(1).

## Law and Analysis

**1. Preliminary Screening**

Plaintiff was a prisoner when filed this proceeding.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[5]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[5] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

4

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. The State of Louisiana, the DPSC, and the Division of Probation and Parole**

Plaintiff names the State of Louisiana, the DPSC, and the Division of Probation and Parole as defendants.

Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[6] Thus, the State of Louisiana is not a "person" under Section 1983.

Further, "State agencies . . . are not 'persons' within the meaning of the statute." *Lumpkins v. Off. of Cmty. Dev.*, 621 F. App'x 264, 268 (5th Cir. 2015) (*quoting Will*, 491 U.S. at 71). The DPSC and one of its divisions, the Division of Probation and Parole, are state agencies. Thus, they are not "persons" under Section 1983. *See Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and [Department of Public Safety and Corrections] are not persons . . . .").

Accordingly, the Court should dismiss Plaintiff's claims against the State of Louisiana, the DPSC, and the Division of Probation and Parole.

---

[6] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (internal quotation marks and quoted sources omitted).

**3. Habeas Corpus Relief**

In his initial pleading, Plaintiff asks the Court to order defendants to "show cause why [he] continued to remain in custody." [doc. # 1]. Considering that Plaintiff claims that he remains incarcerated beyond his scheduled release date, it appears that Plaintiff seeks release from incarceration. The language in Plaintiff's request for relief mirrors language in the habeas corpus chapter of the United States Code: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to *show cause why* the writ should not be granted . . . ." 28 U.S.C. § 2243.

Habeas corpus relief is unavailable through a civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Court should therefore dismiss Plaintiff's habeas corpus request from this civil rights action.

Plaintiff may pursue his request for release in a separate habeas corpus action. The undersigned cautions that Plaintiff must first exhaust all his available *state* remedies before he may obtain habeas corpus relief in this Court. The undersigned also observes that if the State is no longer incarcerating Plaintiff, any request for habeas corpus relief may be moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Because Bailey was released . . . this court can no longer provide him with that relief.").

**4. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Plaintiff's only remaining request for relief is monetary compensation. In his initial pleading, he asks the Court to award compensatory damages. [doc. # 1, p. 4]. The undersigned instructed Plaintiff to identify the specific injury or harm for which he seeks monetary relief. In

an amended pleading, Plaintiff states that he seeks $6,500,000.00 for "mental anguish and the oppression of incarceration." [doc. # 8].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. #s 1, p. 2; 1-3, p. 1]. Further, he does not allege that he suffered any physical injury—or any other compensable injury or damage—*because* of any defendant's alleged actions or failures. To the extent he alleges that defendants caused him mental, emotional, or de-minimis physical injuries, he may not recover monetary relief.

The Court should therefore dismiss Plaintiff's remaining request for relief. Because Plaintiff does not seek any other cognizable relief, the Court should dismiss Plaintiff's claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Kennith Wade Anthony's request for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** to his right to pursue the relief in a separate habeas corpus proceeding after he exhausts all his state remedies.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of June, 2022.

Kayla Dye McClusky
United States Magistrate Judge